Jerome Romero (USB #5139)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
Facsimile: (801) 328-0537
*Attorneys for Jay W. Harris*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>WILLOWWOOD TURF, LLC,<br><br>Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Brcy No. 11-29214<br>[Chapter 12]<br><br>Honorable William T. Thurman |

Movant Jay W. Harris ("**Jay**") by and through counsel Jerome Romero of Jones Waldo

Holbrook & McDonough, hereby submits this memorandum of points and authorities in support

of his motion for relief from automatic stay.

## INTRODUCTION

By this motion, the movant respectfully requests that this court grant him relief from the

automatic stay to file and pursue a complaint principally directed against Kirk A. Harris

("**Kirk**") and tangentially against the debtor Willowwood Turf, LLC ("**Willowwood**") and

others in a state court proceeding. The basis for the motion is set forth in detail in the

memorandum filed herewith.

1198800.2

Jay and Kirk are brothers, and founding members of the debtor Willowwood. A dispute has arisen between Jay and Kirk concerning, among other things, whether Jay is a fifty percent member and co-manager of Willowwood. Jay contends that he is fifty percent member and co-manager of Willowwood, and specifically contends that there is not now, nor has there ever been an agreement enforceable at law or in equity between Jay and Kirk for the purchase of Jay's ownership interest in Willowwood. Kirk contends that Jay is not a member and co-manager of Willowwood because an enforceable agreement at law or in equity was allegedly reached between Kirk and Jay whereby Kirk purchased Jay's fifty percent ownership interest in Willowwood in or about April 2013. Jay also asserts substantive claims against Kirk relating to his management of Willowwood.

## FACTS

1.      Jay is an individual residing in Washington County, Utah. See Declaration of Jay W. Harris dated June 25, 2015 ("**Harris Decl.**")¶ 1.

2.      Kirk Harris ("**Kirk**") is an individual residing in Sevier County, Utah. Harris Decl. ¶ 2.

3.      Jay and Kirk are brothers. Harris Decl. ¶ 3.

4.      On January 1, 2002, Jay and Kirk, as founding members, organized Willowwood Turf, LLC ("**Willowwood**") by filing Articles of Organization with the State of Utah. Both Jay and Kirk were named the initial managers of the company. Harris Decl. ¶ 4.

5.      At all relevant times herein, Jay and Kirk are members of Willowwood with each owning a 50% interest in the company. Harris Decl. ¶ 5.

6.      Jay was a member of Willowwood at the time the transactions referenced a hearing. Harris Decl. ¶ 6.

2

7.    Pursuant to the Operating Agreement Willowwood is a member managed company and thus, Jay and Kirk were, at all relevant time alleged herein, co-managers of Willowwood. Harris Decl. ¶ 7.

8.    Willowwood grows a variety of sod types for retail and wholesale customers in the Intermountain area, and operated a commercial trucking business. Harris Decl. ¶ 8.

9.    After initial success, Willowwood's business suffered during the recent recession and consequently, Willowwood filed for Chapter 12 Bankruptcy protection in Utah Federal District Court, in or about June 2011, Case No. 11-29214. Harris Decl. ¶ 9.

10.    Willowwood's bankruptcy schedules reflected total assets of $5,771,889 ($2,763,276 in real property and $3,008,613 personal property) and total liabilities of $2,846,371, with $2,370,118 of that amount secured. The principal secured lien holder was Zions First National Bank and is in the form of loans for real estate that Willowwood purchased to grow its products. Harris Decl. ¶ 10.

11.    Jay and Kirk personally guaranteed the secured loans from Zions and the other secured lenders. Harris Decl. ¶ 11.

12.    In or about September 2011, the Court approved Willowwood's Chapter 12 Plan of Reorganization (the "Plan"). Basically, the Plan allowed Willowwood to retain its land and all farm equipment and crops, subject to the interest and rights of the secured creditors (at a "cram down" interest rate), and provided a 100% return to unsecured creditors. Harris Decl. ¶ 12.

13.    Under the five year Plan, Willowwood makes monthly and bi-annual payments to the Chapter 12 Trustee, and monthly payments directly to the secured creditors for five years, at the conclusion of which any remaining secured loan balance is due and owing. Harris Decl. ¶ 13.

3

14.    Jay is informed and believes that Willowwood is current on its scheduled payments to the Trustee and secured creditors and thus, Willowwood is on track to complete the Plan and emerge from bankruptcy in September 2016.  Harris Decl. ¶ 14.

15.    Due to the bankruptcy and other matters related to the operations of Willowwood, Jay and Kirk's relationship soured.  Harris Decl. ¶ 15.

16.    In or about November 2012, Jay and Kirk began to discuss under what terms they could end their business relationships.  Harris Decl. ¶ 16.

17.    Because Willowwood was still in bankruptcy, Jay and Kirk understood that any enforceable agreement to separate and divide the company's assets would require a written contract and be conditioned upon bankruptcy court approval.  Harris Decl. ¶ 17.

18.    By April 2013, Jay and Kirk had agreed on most of the deal points, but material terms remained to be negotiated before a written agreement could be finalized, executed and submitted to the bankruptcy court for approval.  Harris Decl. ¶ 18.

19.    In or about May 2013, Jay, relying on the representations made by Kirk as to what consideration Kirk would provide him to conclude the deal and believing in good faith that they would soon finalize a written contract, began managing Willowwood's sod farming operations in Hurricane, Utah. Since that time, Jay has continued to manage the Hurricane farm for Willowwood under Red Desert Sod, LLC, which Jay formed with his wife in May 2013 in anticipation of concluding the contract negotiations with Kirk.  Harris Decl. ¶ 19.

20.    Since approximately May 2013, Kirk has managed Willowwood's farming and commercial trucking operations located in Richfield and Vineyard, Utah.  Harris Decl. ¶ 20.

4

21.     From April 2013 through in or about December 2013, Jay negotiated with Kirk in good faith in an effort to reach a final written agreement for the proposed buyout. Harris Decl. ¶ 21.

22.     In or about December 2013, however, Jay and Kirk became deadlocked on outstanding issues related to the proposed buyout. Further, Jay learned that Kirk had recently purchased Overland Trucking of Utah, Inc. ("**Overland**") and suspected that Kirk's claims of financial hardship during the buyout negotiations were caused in whole or in part by that purchase. Harris Decl. ¶ 22.

23.     In or about January 2014, Kirk advised Jay that he could not, or would not, perform on certain payment obligations that were part of the consideration for Jay's proposed buyout. Harris Decl. ¶ 23.

24.     Jay has since learned that at all relevant times Kirk purchased and/or operates Overland by utilizing Willowwood's assets, and has otherwise commingled Willowwood and Overland's operations to the detriment of Willowwood and to his personal advantage. Harris Decl. ¶ 24.

25.     Jay and Kirk never reached a final agreement, nor was any proposed agreement submitted to the bankruptcy court for approval. Harris Decl. ¶ 25.

26.     In or about January 2014, Jay advised Kirk orally and in writing that because they could not come to terms for the proposed buy-out, they needed to regroup and work together to manage Willowwood. Harris Decl. ¶ 26.

27.     Despite receipt of this notice, Kirk has thwarted Jay's efforts to co-manage Willowwood, and has denied Jay the statutory and contract rights granted him as a member of Willowwood. Harris Decl. ¶ 27.

5

1198800.2

28.    Because Jay and Kirk have been unable to work out their disputes, Jay has

prepared a complaint to be filed against Kirk and others in the Fifth District Court. A copy of the

proposed complaint is attached hereto as Exhibit A. Harris Decl. ¶ 28.

29.    Although the principal cause of action in the underlying complaint is a request for

declaratory relief that Jay is a 50% member and a manager of Willowwood, there are some

additional related claims that Jay intends to pursue against Kirk that by necessity involve

Willowwood as a party. Those claims include the following:

a.    Pursuant to the second cause of action, Jay is seeking his rights as a

member to review and inspect the business records pursuant to Utah Code Ann. § 48-2c-113.

b.    Pursuant to the seventh and eighth causes of action, Jay is asking that Kirk

be expelled as a member and manager of Willowwood pursuant to Utah Code Ann. §§ 48-2c-

710 and 48-2c-809 which necessitates Willowwood be identified as a party defendant.

c.    Pursuant to the ninth cause of action if the Court fails to remove Kirk as a

member or manager of Willowwood, plaintiff seeks in the alternative the dissolution of

Willowwood pursuant to the statutory authority given to him under Utah Code Ann. § 48-2c-

1210.

## ARGUMENT

## I.    Harris Should be Granted Relief from the Automatic Stay for Cause.

Of the outset, it should be noted that Willowwood is a Chapter 12 debtor with the

confirmed plan. As a result of securing a confirmed plan, all property of the stay vests in the

debtor. *See* 11 U.S.C. § 1227(b). Accordingly, even though the automatic stay remains in effect,

until a discharge is enforced – its application is limited. Nonetheless, because movant is seeking

6

a relief from the automatic stay to pursue litigation in which the debtor is a named party the

complaint may broadly be construed as a violation of the automatic stay. Movant is asking for

relief in the automatic stay out of abundance of caution. Accordingly, in evaluating whether the

Court should lift the stay in the exercise of its equitable discretion, the Court should weigh the

limited application of the stay in movant's favor.

Section 362(d)(1) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant

relief from the stay provided under subsection (a) of this section, such as by terminating,

annulling, modifying, or conditioning such stay--

(1) for cause . . .

11 U.S.C. § 362(d)(1).

The term "cause," however, is not defined in the Code, and consequently, the decision on

a motion for relief from the automatic stay for cause is one necessarily involving the exercise of

the bankruptcy court's discretion. *See In re Olmstead*, 608 F.2d 1365, 1367 (10th Cir. 1979)

(court found that it was within the court's discretion to determine how a contingent or

unliquidated claim would be liquidated, whether by judgment of another court or by its own

determination). *In re Curtis*, 40 B.R. 793, 799 (Bankr. D. Utah 1984).

In analyzing whether to allow litigation to proceed against the debtor, courts will apply

what is referred to as an "equitable balance test," where the following three factors help

determining whether to lift the stay:

1.      Whether any great prejudice to either the bankruptcy estate or the debtor will

result from a continuation of the civil suit;

7

1198800.2

2.    Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

3.    The probability of the creditor prevailing on their merits. *See In re SCO Group, Inc.* 352 B.R. 852, 857 (Bankr. D. Del. 2007).

The debtor will not be prejudice by the litigation. The principal purpose of the litigation is to secure declaratory relief that Jay has 50% ownership interest in the debtor and has the right to participate in the management of its operations. More importantly, the important question of corporate governance must be resolved before either Jay or Kirk can purport speak on behalf of the debtor.

Second, the hardship to Jay outweighs any nominal inconvenience to the debtor by having to appear in the proceeding. By the underlying actions, Jay is seeking to pursue and enforce statutory rights that are provided to him under state law as a member of a Utah limited liability company. If relief is denied, Jay will be deprived of those rights. By contrast, the debtor's appearance is the proceeding is limited. By way of example, by the seventh cause of action, Jay is seeking the expulsion of Kirk as a member of the debtor. Utah Code authorizes removal of a member by judicial proceeding pursuant to Utah Code Ann. § 48-2c-809. That cause of action entails litigation between Jay and Kirk. However, because it will impact the operation of the company, Utah law expressly requires that the debtor be named a party to the action. *See* Utah Code Ann. § 48-2c-809(3). Accordingly, while the debtor is required to appear in the action, there is no need for the debtor, nor under the circumstances should the debtor incur expenses siding with either brother in the dispute.

Finally, the evidence reflects that Jay will succeed on the merits of his claim. While Jay had every intention of selling his interest in Willowwood to Kirk, the brothers never reached a

8

1198800.2

final agreement, let alone secure the necessary court approval.   In the absence of having reached

a final Agreement, Kirk has no right to unilaterally refuse to recognize Jay's rights as a co-

managing member.

<u>**CONCLUSION**</u>

For the above reasons, the Court should grant Jay W. Harris relief from the automatic

stay to allow him to file the proposed complaint in state court.

DATED this 26th day of June, 2015.

JONES WALDO HOLBROOK & McDONOUGH PC


By:<u>/s/ Jerome Romero</u>
    Jerome Romero
    Attorneys for Jay H. Harris

9

1198800.2

# Exhibit A

**BARNEY MCKENNA & OLMSTEAD, P.C.**
M. ERIC OLMSTEAD – 7591
DAVID L. ELMONT - 9640
43 South 100 East, Suite 300
St. George, Utah 84770
Telephone:  (435) 628-1711
Fax:  (435) 628-3318
E-mail: eolmstead@barney-mckenna.com
*Attorneys for Plaintiffs*

---

IN THE FIFTH JUDICIAL DISTRICT COURT
IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| JAY W. HARRIS, an individual; RED DESERT SOD, LLC, a Utah limited liability company, <br><br>                      Plaintiffs, <br><br> vs. <br><br> KIRK A. HARRIS, an individual; NANCY N. HARRIS, an individual; WILLOWWOOD TURF, LLC, a Utah Limited Liability Company; OVERLAND TRUCKING OF UTAH, INC., a Utah corporation; and DOES 1 through 10, inclusive, <br><br>                   Defendants. | **COMPLAINT** <br><br> **(Tier 3)** <br><br><br> **JURY TRIAL DEMANDED** <br><br> Case No. |

Plaintiffs Jay W. Harris and Red Desert Sod, LLC allege and complain against

Defendants Kirk A. Harris, Nancy N. Harris, Willowwood Turf, LLC, and Overland Trucking

Company of Utah, Inc. as follows:

1

## PARTIES, JURISIDICTION AND VENUE

1.      Plaintiff Jay W. Harris ("Plaintiff" or "Jay") is an individual residing in Washington County, Utah.

2.      Plaintiff Red Desert Sod, LLC ("Red Desert") ("Red Desert and Plaintiff or Jay are collectively referred to as "Plaintiffs") is a Utah limited liability company with its principal place of business in Washington County, Utah.  Red Desert is named as a nominal plaintiff, because under Rule 19 of the Utah Rules of Civil Procedure its presence may be necessary for the Court to decide all issues and make a proper judgment due to the nature of the relief sought by Jay.  Red Desert does not assert nor seek any right of recovery.

3.      Defendant Kirk A. Harris ("Defendant" or "Kirk") is an individual residing in Sevier County, Utah.  Jay and Kirk are brothers.

4.      Defendant Nancy N. Harris ("Defendant" or "Nancy") is an individual residing in Sevier County, Utah.  Kirk and Nancy are husband and wife.

5.      Defendant Willowwood Turf, LLC ("Willowwood"), is a Utah limited liability company with its principal place of business in Sevier County, Utah.

6.      Defendant Overland Trucking of Utah, Inc. ("Overland"), is a Utah corporation with its principal place of business in Sevier County, Utah.  On information and belief, Kirk is the sole owner of Overland.

7.      This Court has jurisdiction over this matter pursuant to UCA § 78A-5-102.

8.      Venue is proper in this Court pursuant to §§UCA 78B-3-301, 78B-3-304 and/or 78B-3-307.

9.      Plaintiff seeks damages of $300,000 or more and non-monetary relief, and therefore this is a Tier 3 case.

10.      Plaintiffs have not filed this action, which in part asserts derivative claims, to confer jurisdiction on the court that it otherwise would not have.

11.      The Doe Defendants 1 through 10 are individuals or entities whose current identities are unknown to Plaintiffs but who may be liable for the relief sought by Jay by virtue of their relationship with the named Defendants or by virtue of their own actions or omissions, and further may claim a membership interest in Willowwood. Plaintiffs reserves the right to amend this Complaint to assert claims for relief against the Doe Defendants in their real names and capacities should Plaintiffs learn, through discovery or otherwise, the true identities of the Doe Defendants and/or should Plaintiffs determine that additional claims for relief exist against the Doe Defendants.

## GENERAL ALLEGATIONS

12.      Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

13.      On or about January 1, 2002, Jay and Kirk, as founding members, organized Willowwood by filing Articles of Organization with the State of Utah. Pursuant to the Articles of Organization, Jay and Kirk were named the initial managers of the company.

14.      On or about January 1, 2002, Jay and Kirk adopted an Operating Agreement for the governance of Willowwood.

3

15.      At all relevant times herein Jay and Kirk are members of Willowwood with each owning a fifty percent interest in the company. Specifically, Jay was a member of Willowwood at the time of the transactions complained of herein.

16.      Pursuant to the Operating Agreement, Willowwood is a member-managed company and hence, Jay and Kirk were, and at all relevant times alleged herein are, co-managers of Willowwood.

17.      Willowwood grows a variety of sod types for retail and wholesale customers in the Intermountain area and, at all relevant times herein, also operated a commercial trucking business.

18.      After initial success, Willowwood's business suffered during the recent recession and consequently, Willowwood filed for Chapter 12 Bankruptcy protection in Utah Federal District Court, in or about June 2011, Case No. 11-29214.

19.      Willowwood's bankruptcy schedules reflected total assets of $5,771,889 ($2,763,276 in real property and $3,008,613 personal property) and total liabilities of $2,846,371, with $2,370,118 of that amount secured. The principal secured lien holder was Zions First National Bank and is in the form of loans for real estate that Willowwood purchased to grow its products.

20.      Jay and Kirk personally guaranteed the secured loans from Zions and the other secured lenders.

21.      In or about September 2011, Judge Thurman approved Willowwood's Chapter 12 Plan of Reorganization (the "Plan"). Basically, the Plan allowed Willowwood to retain its land

and all farm equipment and crops, subject to the interest and rights of the secured creditors (at a "cram down" interest rate), and provided a 100% return to unsecured creditors.

22.    Under the five year Plan, Willowwood makes monthly and bi-annual payments to the Chapter 12 Trustee, and monthly payments directly to the secured creditors for five years, at the conclusion of which any remaining secured loan balance is due and owing.

23.    Jay is informed and believes that Willowwood is current on its scheduled payments to the Trustee and secured creditors and thus, Willowwood is on track to complete the Plan and emerge from bankruptcy in September 2016.

24.    Due to the bankruptcy and other matters related to the operations of Willowwood, Jay and Kirk's relationship soured.

25.    In or about November 2012, Jay and Kirk began to discuss under what terms they could end their business relationships.

26.    Because Willowwood was still in bankruptcy, Kirk and I understood that any enforceable agreement to separate and divide the company's assets would require a written contract and be conditioned upon prior bankruptcy court approval.

27.    By April 2013, Jay and Kirk had agreed on most of the deal points, but material terms remained to be negotiated before a written agreement could be finalized, executed and submitted to the bankruptcy court for approval.

28.    In or about May 2013, Jay, relying on the representations made by Kirk as to what consideration Kirk would provide him to conclude the deal and believing in good faith that they would soon finalize a written contract, began managing Willowwood's sod farming operations in

5

Hurricane, Utah. Since that time, Jay has continued to manage the Hurricane farm for Willowwood under Red Desert, which Jay formed with his wife in May 2012 in anticipation of concluding the contract negotiations with Kirk.

29.     Since approximately May 2013, Kirk has managed Willowwood's farming and commercial trucking operations located in Richfield and Vineyard, Utah.

30.     From April 2013 through in or about December 2013, Jay negotiated with Kirk in good faith in an effort to reach a final written agreement for the proposed buyout of his ownership interest in Willowwood.

31.     In or about December 2013, however, Jay and Kirk became deadlocked on outstanding issues related to the proposed buyout. Further, Jay learned that Kirk had recently purchased Overland and suspected that Kirk's claims of financial hardship during the buyout negotiations were caused in whole or in part by that purchase.

32.     In or about January 2014, Kirk advised Jay that he could not, or would not, perform on certain payment obligations that were part of the consideration for Jay's proposed buyout.

33.     Jay has since learned that at all relevant times Kirk purchased and/or operates Overland by utilizing Willowwood's assets, and has otherwise commingled Willowwood and Overland's operations to the detriment of Willowwood and to his personal advantage.

34.     Jay and Kirk never reached a final agreement, nor was any proposed agreement submitted to the bankruptcy court for approval.

35.    In or about January 2014, Jay advised Kirk orally and in writing that because they could not come to terms for the proposed buy-out, they needed to regroup and work together to manage Willowwood.

36.    Despite receipt of this notice, Kirk has thwarted Jay's efforts to co-manage Willowwood, and has denied Jay the statutory and contract rights granted him as a member of Willowwood.

## FIRST CAUSE OF ACTION
### (Declaratory Relief – As Against Defendants Kirk Harris, Nancy Harris, Willowwood and Does 1-10)

37.    Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

38.    A dispute exists between Plaintiff and Defendants concerning whether Jay is a fifty percent member and co-manager of Willowwood. Jay contends that he is fifty percent member and co-manager of Willowwood, and specifically contends that there is not now, nor has there ever been an agreement enforceable at law or in equity between Jay and Kirk for the purchase of Jay's ownership interest in Willowwood. Kirk contends that Jay is not a member and co-manager of Willowwood because an enforceable agreement at law or in equity was allegedly reached between Kirk and Jay whereby Kirk purchased Jay's fifty percent ownership interest in Willowwood in or about April 2013.

39.    Further, a dispute exists between Plaintiff and Defendants concerning whether Nancy is a member of Willowwood. Plaintiff asserts that Nancy is not a member of Willowwood, and any purported transfer of a membership interest to her or to any Doe defendant

7

by Kirk or Nancy is void, as Plaintiff has never consented to any such transfer of a membership interest in Willowwood as required by Article 5.1 of the Operating Agreement. Plaintiff is informed and believes that Defendants assert that Nancy is a member of Willowwood.

40.      Plaintiff is entitled to a decree from this court that: (a) there is no enforceable agreement between Plaintiff and Kirk regarding the purchase of Plaintiff's ownership interest in Willowwood, and as such, Plaintiff is a fifty percent owner and a co-manager of Willowwood, and that Defendants shall take no actions contrary to state law and/or Willowwood's governing documents to impede Plaintiff's exercise of his ownership and management rights; and (b) any purported transfer of a membership interest in Willowwood to Nancy or any Doe defendant is void.

41.      Declaratory relief is presently necessary and appropriate so that Plaintiff may determine his rights as to Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## SECOND CAUSE OF ACTION
### (Failure to Allow Inspection of Records – As Against Defendants Kirk Harris and Willowwood)

42.      Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

43.      At all relevant times herein, Plaintiff is a fifty percent owner and a member-manager of Willowwood, and a personal guarantor of the company's significant secured debt.

44.      Defendants assert that Plaintiff was, but is no longer, an owner and member-manager of Willowwood.

8

45.    In or about March 2015, and continuing to date, Willowwood's primary secured creditor has demanded that Plaintiff provide copies of his 2012, 2013 and 2014 personal income tax returns and a current personal financial statement because Plaintiff is a guarantor of this debt.

46.    Since the time Jay has been excluded from exercising his duties as a co-manager and equal owner of Willowwood, Kirk has mismanaged the company by, among other things, not collecting monies owed Willowwood by Overland; by downscaling Willowwood's commercial trucking operations and shifting this work to Overland, by self-dealing and usurping corporate opportunities, by disregarding Utah law regarding Willowwood's corporate governance, and by otherwise mismanaging Willowwood for his personal gain.

47.    By letter dated April 2, 2015 Plaintiff provided Defendants with written notice of a demand for records inspection pursuant to UCA § 48-2c-113. Plaintiff seeks Willowwood's financial and business records in order to discover evidence to substantiate the claims as alleged herein, and so he may provide the required financial information being sought from him by Willowwood's primary secured lender.

48.    Defendants failed to comply with the records inspection demand.

49.    Defendants have failed to act in good faith.

50.    Plaintiff is entitled to a summary order granting an expedited inspection and copying of Willowwood's books and records pursuant to UCA Section 48-2c-115.

51.    Plaintiff is also entitled to a declaratory judgment granting inspection and copying of Willowwood's records pursuant to UCA § 78B-6-401 et seq., which provides that declaratory judgments are to be constructed and administered and are intended to be remedial.

9

52.      The Court should order a speedy hearing of this matter pursuant to Rule 57 of the

Utah Rules of Civil Procedure.

**WHEREFORE**, Plaintiff prays for relief against Defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (Conversion – As Against Defendant Kirk Harris)

53.      Plaintiffs incorporate by reference the allegations set forth above as if fully set

forth herein.

54.      At all times Plaintiff has the co-equal right with Kirk to receive, possess, and use

his interests in Willowwood, any distributions and proceeds derived therefrom, and other

benefits to which Plaintiff is entitled as a member and manager of Willowwood, subject to the

Plan.

55.      At no time did Kirk have the legal justification to deprive Plaintiff of his co-equal

right to receive, possess, and use his interests in Willowwood, and receipt of any distributions

and proceeds derived therefrom, and other benefits to which Plaintiff is entitled.

56.      Kirk's refusal to relinquish to Plaintiff his property constitutes a willful

interference of Plaintiff's property rights.

57.      As a proximate cause of Kirk's wrongful acts, Plaintiff has suffered damages in

an amount according to proof at trial.

58.      In wrongfully transferring, possessing, and utilizing property that belonged to

Plaintiff equally, Kirk has acted willfully, maliciously, and in wanton disregard for Plaintiff's

rights. Plaintiff therefore seeks exemplary and punitive damages pursuant to UCA § 78B-8-201(1)(a) in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief against Defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Quasi Contract, Unjust Enrichment, and/or Quantum Meruit – Derivative Claim As Against Overland)

59.      Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

60.      Willowwood conferred multiple benefits upon Overland.

61.      Overland was fully aware of the benefits conferred upon it by Willowwood and improperly retained the benefits because of Kirk's wrongful acts.

62.      Under the circumstances and alleged herein, to permit Overland to retain the benefits conferred upon it would result in an inequitable and unjust enrichment of Overland at Willowwood's expense.

63.      Plaintiff has demanded in writing and orally that Kirk take action on behalf of Willowwood to recover monies that Overland owes it.

64.      Kirk, who has authority as a member and co-manager of Willowwood to bring the claims against Overland, has refused to do so, claiming among other things, that Overland does not owe money to Willowwood and that Overland's work has financially benefited Willowwood.

65.      The decision of Kirk not to sue or otherwise make efforts to collect the sums owed Willowwood constitutes an abuse of discretion or involves a conflict of interest, as Kirk is the sole owner of Overland, that prevents an unbiased exercise of judgment.

11

66.        Any additional efforts by Plaintiff to cause Kirk to rectify the issues or cause him

to bring action against Overland is not likely to succeed due to this conflict of interest and Kirk's

assertion that Overland does not owe any funds to Willowwood.

67.        Willowwood is entitled to recover damages in an amount according to proof at

trial.

**WHEREFORE,** Plaintiff prays for relief against Defendant as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Constructive Trust – As Against Defendants Kirk Harris and Overland on a Derivative
Basis)**

68.        Plaintiffs incorporate by reference the allegations set forth above as if fully set

forth herein.

69.        Kirk and/or Overland have wrongfully obtained or had the use, possession and

control of Willowwood, its assets, and the proceeds generated therefrom through their wrongful

acts.

70.        Kirk and/or Overland have been, and will continue to be, unjustly enriched.

71.        As a proximate cause of Kirk and Overland's wrongful acts and/or omissions,

Plaintiff has suffered damages in an amount according to proof at trial.

**WHEREFORE,** Plaintiff prays for relief against Defendants as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Breach of Fiduciary Duty - As Against Defendant Kirk Harris on a Personal and
Derivative Basis)**

72.        Plaintiffs incorporate by reference the allegations set forth above as if fully set

forth herein.

12

73.     Kirk owes a fiduciary duty to Willowwood and its members.

74.     Kirk breached his fiduciary duty to Willowwood and its members by his acts and/or omissions as alleged herein.

75.     As a proximate cause of Kirk's wrongful acts and/or omissions, Plaintiff and Willowwood have suffered damages in an amount according to proof at trial.

76.     In breaching his fiduciary duties, Kirk has acted willfully, maliciously, and in wanton disregard for Plaintiff's rights. Plaintiff therefore seeks exemplary and punitive damages pursuant to UCA § 78B-8-201(1)(a) in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief against Defendant as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Expulsion of Member of Willowwood – As Against Defendant Kirk Harris)

77.     Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

78.     Kirk has engaged in wrongful conduct that adversely and materially affected the business of Willowwood or has willfully or persistently committed a material breach of the Articles of Organization and/or the Operating Agreement or a duty owed to Willowwood or to other members under UCA § 48-2c-801; or has engaged in conduct relating to the company's business which makes it not reasonably practicable to carry on the business with the member.

79.     Kirk should be expelled as a member of Willowwood pursuant to UCA § 48-2c-710.

**WHEREFORE**, Plaintiff prays for relief against Defendants as hereinafter set forth.

13

## EIGHTH CAUSE OF ACTION
### (Removal of Manager of Willowwood – As Against Defendant Kirk Harris)

80.     Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

81.     Plaintiff holds a fifty percent ownership interest in Willowwood.

82.     Kirk has engaged in fraudulent or dishonest conduct or gross abuse of authority or discretion with respect to Willowwood.

83.     Removal of Kirk as a co-manager of Willowwood is in the best interest of the company.

84.     Kirk should be immediately removed as a co-manager of Willowwood and stripped of any management authority pursuant to UCA § 48-2c-809.

85.     Kirk should be barred from reelection for a period of at least twenty years.

**WHEREFORE**, Plaintiff prays for relief against Defendants as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Judicial Dissolution of Willowwood – As Against Willowwood, Kirk Harris and Nancy Harris)

86.     Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

87.     If, for any reason, the Court fails to remove Kirk as a member or manager of Willowwood, Plaintiff asserts an alternative claim for judicial dissolution of Willowwood pursuant to UCA § 48-2c-1210.

14

88.    Grounds for the Court to order a judicial dissolution exist under

UCA § 48-2c-1210(2)(a)-(d), as: (a) the managers of Willowwood, Plaintiff and Kirk, are

deadlocked in the management of company affairs and the members are unable to break the

deadlock; (b) Kirk has acted, is acting, or will act in a manner that is oppressive or fraudulent;

(c) the members are deadlocked in voting power and the deadlock has continued for a period for

at least six months; and/or (d) Willowwood's assets are being misapplied or wasted.

**WHEREFORE**, Plaintiff prays for relief against Defendants as hereinafter set forth.

### TENTH CAUSE OF ACTION
### (Accounting – As Against Defendants)

89.    Plaintiffs incorporate by reference the allegations set forth above as if fully set

forth herein.

90.    Plaintiff is entitled to an accounting of the books and records of Defendants to

substantiate the wrongful conduct alleged herein and to determine the extent of the damages.

**WHEREFORE**, Plaintiff prays for relief against Defendants as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
### (Breach of Contract – As Against Kirk Harris)

91.    Plaintiffs incorporate by reference the allegations set forth above as if fully set

forth herein.

92.    If, for any reason, the trier of fact and/or the Court determines that Plaintiff and

Kirk entered into a valid and enforceable agreement for the buyout of Plaintiff's membership

interest in Willowwood, Plaintiff asserts the following alternative claims for breach of contract

and breach of the covenant of good faith and fair dealing.

15

93.     Plaintiff and Kirk entered into an oral agreement in or about April 2013 for Kirk's purchase of Plaintiff's membership interest in Willowwood.

94.     Plaintiff fully performed his obligations under the agreement.

95.     Kirk committed numerous material breaches of the agreement.

96.     As a proximate result of these material breaches, Plaintiff elects to rescind the agreement and hereby tenders all consideration the Court deems necessary to return the parties to the status quo that existed prior to their entry of the agreement.

97.     If, for any reason, the Court determines not to order rescission of the agreement, Plaintiff seeks all damages he suffered and which were proximately caused by Kirk's breach in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief against Defendant as hereinafter set forth.

## TWELVTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing – As Against Kirk Harris)

98.     Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

99.     An implied covenant of good faith and fair dealing inheres in every contract. This covenant imposes a duty on each party to exercise faithfulness to the agreed common purpose and to act consistently with the justified expectations of the other party.

100.    Kirk has failed to act faithfully and consistently with the common purpose of the agreement and the justified expectations of Plaintiff.

101.    Kirk has failed to act in good faith.

16

102.     As a proximate cause of Kirk's conduct, Plaintiff has been damaged in an amount to be proven more fully at trial.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows.'

**PRAYER**

1.     That Plaintiff be granted declaratory judgment and relief as set forth herein;

2.     That the Court on an expedited basis order Willowwood to permit Plaintiff, his agent and/or attorney, to inspect or copy the records of Willowwood detailed in UCA § 48-2c-113(2);

3.     That the Court issue a preliminary injunction ordering Defendants to permit Plaintiffs, their agent and/or attorney to inspect or copy the financial records of Willowwood and Overland, including, without limitation to, ledgers, profit and loss statements, business checking, savings and credit accounts, payroll records, account receivable and payable statements, tax returns, and QuickBooks entries or any other electronic file.

4.     That Defendants be ordered to pay to Plaintiff all money wrongfully taken by them from Plaintiff in an amount according to proof at trial;

5.     That Defendants be ordered to provide an accounting to Plaintiff of all money taken by Defendants and owed to Plaintiff in an amount according to proof at trial.

6.     That Defendants be ordered to disgorge to Plaintiff all revenues, benefits, profits, distributions and advantages wrongfully realized by Defendants from their acts and failures to act as alleged herein in an amount according to proof at trial;

17

7.      That Plaintiff recover consequential and compensatory damages in an amount according to proof at trial;

8.      That the Court remove Defendant Kirk Harris as a member and/or manager of Willowwood, or in the alternative, for a decree that Willowwood be judicially dissolved;

9.      That if the trier of fact determines that an agreement between Plaintiff and Defendant Kirk Harris for the buyout of Plaintiff's membership interest in Willowwood exists, for a decree that said agreement is rescinded and for the Court to return the parties to the status quo to the extent possible or as demanded by the equities in this case;

10.     That if the Court determines not to order rescission of the agreement, that Plaintiff recover its compensatory and consequential damages sustained as a proximate cause of Defendant Kirk Harris' breach in an amount according to proof at trial;

11.     That the Court award Plaintiff exemplary and punitive damages.

12.     That  the Court award Plaintiff prejudgment and post-judgment interest;

13.     That the Court award Plaintiff such other and further relief as it deems fit and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues so triable.

Dated: _____

                          BARNEY McKENNA & OLMSTEAD, P.C.
                          _/s/ M. Eric Olmstead_____
                          M. Eric Olmstead
                          Attorneys for Plaintiffs